GEORGE VALERO, PLAINTIFF-RESPONDENT, v. JOHN T. McCABE, DEFENDANT-APPELLANT.

VINCENT FAGAN, PLAINTIFF-RESPONDENT, v. JOHN T. McCABE, DEFENDANT-APPELLANT.

USHER FISHMAN, PLAINTIFF-RESPONDENT, v. JOHN T. McCABE, DEFENDANT-APPELLANT.

Submitted May 1, 1945—Decided July 31, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the plaintiffs-respondents, *Major & Carlsen* (*James A. Major*).

For the defendant-appellant, *John E. Selser* and *George I. Marcus*.

The opinion of the court was delivered by

CASE, J. There were three suits, tried as one, resulting in a jury verdict for each of the plaintiffs against the defendant. Defendant appeals. The suits were to recover damages for

malicious prosecutions grounding in the arrest of the plain-
tiffs on complaints in writing by the defendant charging them,
severally, with disorderly conduct in that they had indulged
in loud, offensive and indecent language contrary to Revised
Statutes 2:202–8. The complaints were dismissed by a court
of competent jurisdiction. The judgments now under appeal
were entered October 24th, 1944. On November 10th, 1944,
the defendant sued out rules directing each of the plaintiffs
to show cause "why the verdict of the jury should not be set
aside and why the denial for motion of nonsuit should not be
set aside, and why a new trial should not be granted because
the verdict of the jury was a result of bias, passion and preju-
dice and on the ground that the same was excessive and con-
trary to the weight of evidence and contrary to law." The
rules further provided that "all objections and exceptions
taken by the defendant during the course of the trial be and
the same hereby are reserved." The petitions and the affi-
davits upon which the rules issued set forth a wide field of
reasons because of which the verdict should be set aside, such
as: The court erred in denying the motion for nonsuit; the
court erred in denying the motion for direction of verdict;
the submission of the case to the jury was contrary to law;
the verdict was against the weight of the evidence; the ver-
dict was the result of bias, passion and prejudice; the verdict
was grossly excessive; and the plaintiffs had failed to prove
any damage. On January 17th, 1945, the trial court made
an order which, after reciting that the said affidavits and also
the argument of counsel had been considered, denied the appli-
cations for a new trial and discharged the rules. The rules
to show cause had contained a stay of execution but at no
time did the court make a rule extending the time for taking
an appeal as authorized by *R. S.* 2:32–207. The statutory
requirement, *R. S.* 2:32–206, is that an appeal shall be
noticed "within twenty days after the determination or direc-
tion sought to be reviewed."

The defendant moved a nonsuit at the close of the plain-
tiffs' case and was denied. He renewed the motion at the
close of the entire case and was denied. He immediately fol-
lowed the denial in the latter instance by moving for a direc-

tion of verdict, and in this, too, he was denied. Under the circumstances of the case the motion for a directed verdict presented no question that was not within the purview of the motion to nonsuit. If the defendant was not entitled to go to the jury, he was not entitled to a directed verdict on the same state of facts.

It seems that the entire range of reasons set forth in the petitions and supporting affidavits were considered and passed upon by the trial court in disposing of the rules. Clearly, the adequacy of the proofs to sustain the jury verdicts was submitted and considered and was decided adversely to the defendant. The discharge of a rule to show cause why a new trial should not be granted makes *res judicata* every reason argued in support of it and also every reason merely assigned unless the assigned reason be exscinded by the court. No saving language inserted in a rule can preserve to the prosecutor the benefit, on appeal, of an exception that goes to a point assigned and argued under the rule. *Dombroski* v. *Metropolitan Life Insurance Co.,* 126 *N. J. L.* 545.

Appellant argues five points. Four of them go to the alleged insufficiency of plaintiffs' proofs to support the verdicts. That issue, for the reason stated *supra,* is *res judicata.*

Appellant's remaining point is that the trial court erred in refusing to charge as requested. There was a single request embracing several legal propositions. Incorporated therein was the statement that "The plaintiff cannot recover the case (*sic*) of malicious prosecution unless there is proof by a preponderance of the evidence that * * * he was tried and acquitted * * *." That portion of the request misstated our law. It is not a prerequisite to a suit for malicious prosecution that the plaintiff therein should have been tried and acquitted of the offense laid against him. It is enough that the prosecution is ended and that the person wrongfully accused has been duly discharged. *Magowan* v. *Rickey,* 64 *N. J. L.* 402; *Potter* v. *Casterline,* 41 *Id.* 22; *Apgar* v. *Woolston,* 43 *Id.* 57. It is not error for the court to refuse to make a charge which contains an erroneous statement of a legal principle. *Wilcox* v. *Christian and Missionary Alliance,* 124 *Id.* 527.

Further, it seems that the appeal was out of time and that it is subject to dismissal for that reason; but we have considered the appeal on its merits and have concluded that the judgments below should be affirmed, with costs.